[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14523

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
March 23, 2007

D. C. Docket No. 04-20132-CV-Middlebrooks

JOSE JIMENEZ,

Petitioner-Appellant,
Cross-Appellee,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Secretary James McDonough,

Respondent-Appellee,
Cross-Appellant.

_____

On Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2007)

Before TJOFLAT, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jose Jimenez, a Florida prisoner under a sentence of death, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 federal habeas corpus petition. We deny the application for a COA.

## I. BACKGROUND

In 1994, Jimenez was convicted for first-degree murder and burglary with assault and battery in an occupied dwelling. The jury unanimously recommended Jimenez receive a death sentence for the 1992 beating and stabbing of sixty-three-year-old Phyllis Minas in her home. *Jimenez v. Florida*, 703 So. 2d 437, 438 (Fla. 1997). The trial judge sentenced Jimenez to death. In 1998, the Florida Supreme Court affirmed his conviction and sentence. *Id*. at 442.

In 2000, Jimenez filed for relief under Florida Rule of Criminal Procedure 3.850. The Florida courts denied his motion. In 2002, Jimenez filed a habeas corpus petition with the Florida Supreme Court. The court denied his petition for relief.

In 2004, Jimenez filed his petition for federal habeas corpus relief in the United States District Court for the Southern District of Florida. In his petition to the district court, Jimenez raised the following twelve claims: (1) the Florida Supreme Court's refusal on collateral review to apply a subsequent construction of the burglary statute to the conduct for which Jimenez was convicted violated due

process and the Eighth Amendment prohibition against the arbitrary and capricious imposition of a death sentence; (2) Jimenez was deprived of a full and fair state post-conviction process in violation of the Sixth, Eighth, and Fourteenth Amendments; (3) Jimenez was deprived of due process by an *ex parte* contact between the judge presiding over his state post-conviction proceeding and his court-appointed attorney outside Jimenez's presence; (4) the state failed to disclose exculpatory evidence and/or knowingly presented misleading evidence, and/or defense counsel unreasonably failed to discover and present exculpatory evidence, in violation of the Fifth, Sixth, and Eighth Amendments; (5) Jimenez was denied a fair trial when the state failed to correct false testimony and presented improper argument in violation of the Sixth, Eighth, and Fourteenth Amendments; (6) Jimenez was denied due process on the basis of trial judge bias and *ex parte* contact with the prosecutor; (7) the trial court failed to assure Jimenez's presence during critical stages of the capital proceedings in violation of the Sixth, Eighth, and Fourteenth Amendments; (8) Jimenez was improperly denied the right to cross-examine witnesses in violation of the Sixth, Eighth, and Fourteenth Amendments; (9) the trial court failed to adequately inquire into Jimenez's allegations of a conflict on the part of his court-appointed counsel in violation of the Sixth, Eighth, and Fourteenth Amendments; (10) there was

3

insufficient evidence to support a conviction of first-degree murder; (11) the prosecutor's closing argument in the penalty phase was in violation of the Eighth and Fourteenth Amendments, and trial counsel was ineffective for failing to adequately preserve the issue; and (12) the Florida capital sentencing scheme violates the Sixth Amendment by failing to require that the jury determine all elements of the crime of capital first-degree murder which made Jimenez eligible for a death sentence. The district court denied relief on all claims.[1] Claims 4 and 5 of Jimenez's petition to the district court rambled in recounting his allegations. The district court organized claim 4 into 14 issues and claim 5 into 3 allegations. For clarity, we follow the district court's organization of these claims in our discussion.

On October 10, 2006, Jimenez filed an application for COA with this Court.[2] Jimenez requests a COA on claims 1, 2, 4, and 5 of the 12 claims he petitioned to the district court. He also requests a COA on "all of the other claims that the District Court found procedurally barred by virtue of state court registry counsel's conduct."

---

[1] The district court also denied Jimenez's motions (1) to alter or amend the judgment, (2) for a certificate of appealability, and (3) for reconsideration.

[2] The State appears as cross-appellant in this case because it appeals a prior order of the district court. This appeal is contingent on our granting COA. We deny Jimenez's petition for COA and, therefore, do not discuss the State's cross-appeal.

## II. STANDARD FOR GRANTING A COA

This Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039 (2003). Jimenez must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id*. (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

## III. DISCUSSION

A. *Claim One: Florida Supreme Court's Refusal to Apply* Delgado *Retroactively*

Jimenez asserts the Florida Supreme Court's refusal to apply retroactively the construction of the burglary statute in *Delgado v. State*, 776 So. 2d 233 (Fla. 2000), denied him due process of law and violated his rights under the Eighth

5

Amendment. However, Jimenez did not exhaust his state remedies on this claim. The habeas statute requires applicants to exhaust all available state law remedies. 28 U.S.C. § 2254(b)(1)(A). A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995). "Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982). However, if unexhausted claims would be procedurally barred in state court under the state's law of procedural default, the federal court may consider the barred claims as having no basis for federal habeas relief. *Snowden*, 135 F.3d at 736 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S. Ct. 2546, 2557 n.1 (1991)).

Florida law procedurally bars new claims or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed."

6

*Johnson v. Singletary*, 647 So. 2d 106, 109 (Fla. 1994). In order to overcome the procedural bar in federal court, petitioners must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565.

In his 2000 motion for post-conviction relief to the Florida court, Jimenez claimed *Delgado* applied to his case, but he did not assert this claim as a matter of federal law.[3] Therefore, he has not exhausted this claim. Any further attempt at exhaustion in Florida courts would be futile because his claim would be procedurally barred under Florida law. *See Johnson*, 647 So. 2d at 109. Finally, Jimenez has not demonstrated cause to overcome the procedural default. *See Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565. We determine that reasonable jurists would not conclude the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

---

[3] After he filed his federal habeas petition, Jimenez filed a second state habeas corpus petition with the Florida Supreme Court in 2004 in which he presented the federal nature of these claims. The Florida Supreme Court denied the motion. Jimenez filed another motion for post-conviction relief in 2005 with the Florida courts that is still pending. Neither of these motions were filed at the time the instant petition was filed with the district court. As a result, the motions and petitions filed later do not affect the determination of issue exhaustion in this application.

Even if his claim were not procedurally barred, Jimenez did not make a

substantial showing that the Florida Supreme Court's refusal to apply retroactively

an interpretation of the burglary statute violated his constitutional rights.[4]  Jimenez

asserts the Florida Supreme Court denied him due process by not applying the

criminal law uniformly.[5]  At the time Jimenez's case was reviewed by the Florida

Supreme Court, Florida precedent did not require a showing of forced entry or

entry without consent to prove the crime of burglary.  *Jimenez*, 703 So. 2d at 440-

41.  The court concluded a trier of fact could reasonably find that even if the

victim gave consent to the perpetrator's entry into the home, the victim of the

crime withdrew her consent for him to remain when Jimenez beat and stabbed her

multiple times.  *Id.* at 441.  In the *Delgado* case, the Florida Supreme Court

interpreted the burglary statute to limit its application in cases where the

perpetrator entered the home with the victim's consent to those who remained in

---

[4] Florida criminal law defines burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain."  Fla. Stat. § 810.02.

[5] Jimenez argues the Florida Supreme Court's application of its *Delgado* construction of the statute to crimes that occurred before and after the crime for which he was convicted renders the court's refusal to apply it to his case unconstitutional.  Those convictions were not yet final when the court issued the *Delgado* opinion.

the home surreptitiously. *Delgado*, 776 So. 2d at 240.[6]  The Florida Supreme

Court held *Delgado* did not meet the requirements for retroactivity.  *Jimenez v.

State*, 810 So. 2d 511, 512-13 (Fla. 2001).  As a result, it did not apply *Delgado* to

convictions that had become final before the court first issued its opinion in

*Delgado* on February 3, 2000.  Jimenez's conviction became final when the

United States Supreme Court denied his petition for certiorari on direct appeal on

May 18, 1998.  Thus, Jimenez does not make a substantial showing he was denied

a constitutional right as a result of the Florida Supreme Court's determination that

*Delgado* did not meet its own criteria for retroactivity.

B.  *Claim Two: Ineffective Post-conviction Counsel*

Jimenez asserted the ineffective assistance of his state-appointed counsel in

his post-conviction proceedings deprived him of his state-created right to full and

fair state post-conviction process.  Section 2254 explicitly bars this claim.  "The

ineffectiveness or incompetence of counsel during Federal or State collateral

post-conviction proceedings shall not be a ground for relief in a proceeding arising

under section 2254."  28 U.S.C. § 2254(i).  Jimenez does not make a substantial

showing of a denial of a constitutional right.

___

[6] The Florida legislature later found *Delgado* contrary to legislative intent and nullified its interpretation of the burglary statute.  Fla. Stat. § 810.015. This statute was effective retroactively to February 1, 2000.  *Id.*

C.  *Claim Four: Prosecutorial Misconduct and Defense Counsel Inadequacy*

Jimenez requests a COA for various claims of inadequate adversarial testing in his trial.  He claims constitutional deprivations based on the prosecution's failure to disclose sources of information, withholding evidence, and presenting misleading evidence.  Jimenez also asserts defense counsel's failure to discover or present mitigating evidence and failure to cross-examine or impeach witnesses rendered his legal assistance deficient.[7]  In order for this Court to review these claims, Jimenez must have exhausted all his available state law remedies.  28 U.S.C. § 2254(b)(1)(A).  We apply the same standard for exhaustion and procedural default to this claim as we applied to Jimenez's first claim.

In order to overcome procedural default, a defendant must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750, 111 S. Ct. at 2565.  A defendant cannot base his cause and prejudice for procedural default on his attorney's performance unless the attorney's performance was "constitutionally

---

[7] As noted earlier, the district court organized claim 4 of Jimenez's petition into 14 separate issues.  Jimenez alleged 2 of these issues separately as claims 8 and 9.  We do not address these issues with the remaining allegations of claim 4 because the district court addressed them separately as claims 8 and 9.

10

ineffective under the standard established in *Strickland v. Washington*," 466 U.S. 668, 104 S. Ct. 2052 (1984). *Coleman*, 501 U.S. at 752, 111 S. Ct. at 2566. A petitioner cannot establish constitutionally ineffective assistance of counsel in state post-conviction proceedings because there is no constitutional right to an attorney in such proceedings. *Id.* at 752, 111 S. Ct. at 2566.

At the time he filed his federal habeas corpus petition, Jimenez had not presented the allegations in claim four to a Florida court.[8] These unexhausted claims were known or should have been known at the time of his first state petition. Jimenez attributes his procedural default to his appointed collateral counsel. Jimenez did not have a constitutional right to post-conviction counsel; therefore he cannot establish a constitutionally deficient performance under *Strickland* that would be necessary to prove cause and prejudice to overcome the procedural bar to federal review. As a result, the assertions in claim four are procedurally barred from review. The district court properly invoked a procedural

---

[8] Jimenez asserted these claims in additional motions filed with Florida courts *after* he filed this federal habeas petition. At the time the district court denied the habeas petition, the Florida Supreme Court had denied one state habeas petition, and a Florida Circuit Court had denied a second motion for post-conviction relief. The appeal of the Circuit Court's denial is still pending before the Florida Supreme Court. The existence of these later proceedings do not affect our decison that the claims were not exhausted and were procedurally barred at the time the federal habeas petition was filed.

11

bar; therefore we deny Jimenez's application for a COA. *See Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

D. *Claim Five: Disclosures by the State*

In his fifth claim, Jimenez asserts three constitutional deprivations based on allegations that prosecutors and detectives failed to disclose evidence or presented misleading evidence regarding various informants in the case. Just as in claim four, Jimenez had not presented these claims to Florida courts at the time he filed his federal habeas corpus petition. The unexhausted claims would be procedurally barred in a Florida court because they were known or should have been known at the time the first state petition was filed. Jimenez cannot use post-conviction counsel to establish cause and prejudice because he had no constitutional right to counsel in post-conviction proceedings. *See Coleman*, 501 U.S. at 752, 111 S. Ct. at 2566. Accordingly, this claim is procedurally barred from review in federal court, and we deny Jimenez's application for a COA. *See Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

E. *All other claims*

Jimenez also asked for certification to appeal all claims the district court found barred because of the conduct of his post-conviction state-appointed counsel. Just as in his fourth and fifth claims, Jimenez cannot show a

12

constitutional failure in assistance of counsel in post-conviction proceedings because he did not have a constitutional right to post-conviction counsel. *See Coleman*, 501 U.S. at 752, 111 S. Ct. at 2566. Without showing a constitutional failure, Jimenez cannot establish cause and prejudice to overcome the procedural bar to these claims. Reasonable jurists could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *See Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

Accordingly, we DENY the petitioner's application for a COA.