[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 9, 2007
THOMAS K. KAHN
CLERK

No. 06-15773
Non-Argument Calendar

_____

D. C. Docket No. 03-01829-CV-T-30-MAP

KENNETH DARITY,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 9, 2007)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Kenneth Darity, a Florida prisoner proceeding <u>pro se</u>, appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Darity filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), and the provisions of that act therefore govern this appeal. We granted a certificate of appealability on the issue of whether the district court erred in finding that Darity's claims of ineffective assistance of trial counsel were procedurally barred because he failed to properly identify them as issues of federal law in his appellate brief before the state appellate court considering his Fla.R.Crim.P. 3.850 motion.

We review <u>de novo</u> a district court's denial of a § 2254 habeas corpus petition. <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1219 (11th Cir. 2002). A district court's dismissal of a habeas claim for procedural default is also reviewed <u>de novo</u>. <u>Id</u>. Whether a petitioner exhausted state court remedies is a mixed question of law and fact, which is also reviewed <u>de novo</u>. <u>Fox v. Kelso</u>, 911 F.2d 563, 568 (11th Cir. 1990).

Before seeking a federal writ of habeas corpus, a state prisoner must, exhaust all available state remedies, <u>see</u> 28 U.S.C. § 2254(b)(1)(A), giving the state the opportunity to correct its alleged violations of federal rights, <u>Baldwin v. Reese</u>, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). "To provide the State

with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Id. (citations and quotations omitted). "'Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998)). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32, 124 S.Ct. at 1351. If unexhausted claims in a § 2254 petition "would be procedurally barred in state court under the state's law of procedural default, the federal court may consider the barred claims as having no basis for federal habeas relief." Jimenez, 481 F.3d at 1342.

Under these standards, we find that the district court erred in determining that Darity's claims of ineffective assistance of trial counsel were procedurally barred. The district court found that Darity had failed to exhaust because, while he had fairly presented these claims in his original state postconviction motion under

3

Rule 3.850, he had not fairly presented them as federal claims in his appellate brief. However, the state trial court summarily denied Darity's Rule 3.850 motion without an evidentiary hearing. Florida Rule of Appellate Procedure 9.141(b)(2)(C) provides that, in an appeal from the summary denial of a Rule 3.850 motion without an evidentiary hearing, "[n]o briefs or oral argument shall be required." Fla.R.App.P. 9.141(b)(2)(C). As such, a petitioner who does file a brief in an appeal of the summary denial of a Rule 3.850 motion does not waive any issues not addressed in the brief. See Webb v. State, 757 So.2d 608, 609 (Fla. Dist. Ct. App. 2000) (holding that a claim in a Rule 3.850 motion had not been waived by the appellant's failure to argue it in his initial brief because the motion had been denied without an evidentiary hearing). Therefore, regardless of whether or how Darity identified his claims to the state appellate court, he did exhaust his state remedies prior to filing the instant § 2254 petition, and these claims are not procedurally barred.

We express no opinion on the merits of Darity's petition, and vacate and remand to allow the district court to address in the first instance the merits of Darity's claims of ineffective assistance of trial counsel.

**VACATED AND REMANDED.**

4