[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12110

_____

D. C. Docket No. 03-00500-CV-T-30-MSS

MICHAEL MULNIX,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 16, 2007)**

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

In 1998, petitioner-appellant Michael Mulnix was convicted of second degree murder. After completing his direct appeal, Mulnix filed a timely *pro se* habeas petition under 28 U.S.C. § 2254. The district court denied the petition for habeas relief. Although Mulnix had exhausted his state court remedies with respect to a sufficiency of the evidence challenge under state law, the district court concluded he had not fairly presented a federal sufficiency of the evidence claim on direct appeal.

This Court issued a certificate of appealability on the question of whether the district court erred in finding Mulnix's claim procedurally barred. Having reviewed the district court's decision *de novo*, *Atwater v. Crosby*, 451 F.3d 799, 809 (11th Cir. 2006), we conclude that, under the particular facts and circumstances of this case, Mulnix's federal due process challenge to the sufficiency of the evidence was exhausted and thus is not procedurally barred.

Before bringing a petition for writ of habeas corpus under 28 U.S.C. § 2254, a prisoner is required to exhaust all available state court remedies, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must "fairly present" his federal claims to the state court, providing it with "an opportunity to apply controlling legal principles to the facts bearing upon them." *Henry v. Dep't of Corr.*, 197 F.3d 1361, 1366 (11th Cir.

2

1999) (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)).

The reason for this rule is simple: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must . . . be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 888 (1995).

Florida courts assess the sufficiency of the evidence used to convict criminal defendants under a legal standard identical to the one used by federal courts in deciding federal due process challenges to the sufficiency of the evidence. In assessing the sufficiency of the evidence, Florida courts review whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt. *Simmons v. State*, 934 So. 2d 1100, 1111 (Fla. 2006). This is identical to the federal standard for reviewing due process challenges based on the sufficiency of the evidence, as set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 99 S. Ct. 2781, 2789 (1979 ) (standard is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").[1]

---

[1] The Supreme Court held in *In Re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073 (1970), that "the Due Process Clause protects the accused against conviction except upon proof

The Supreme Court has made clear that a prisoner does not exhaust federal claims merely by raising similar state claims. *Picard*, 404 U.S. at 277-78; *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982). In this case, however, Mulnix's state and federal claims were not merely similar: they were identical. The purpose of fair presentment is to permit state courts to efficiently address prisoners' challenges to their state court convictions, ideally providing a single forum in which to correct alleged violations of prisoners' rights under state and federal law. In this case, the state court analyzed Mulnix's due process sufficiency of the evidence claim using a standard identical to the one required under federal law. Under these circumstances, we conclude Mulnix's federal claim has been exhausted. *Cf. Jackson v. Edwards*, 404 F.3d 612, 619 (2d Cir. 2005). Therefore, the district court's order is vacated, and the case is remanded solely for consideration under 28 U.S.C. § 2254(d) of Mulnix's due process challenge to the sufficiency of the evidence used to convict him in state court.

**VACATED AND REMANDED.**

---

beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." The Supreme Court later extended *Winship* to the habeas context, holding that a prisoner challenging a state criminal conviction under 28 U.S.C. § 2254 is entitled to habeas corpus relief under the Due Process Clause when the evidence adduced at trial was insufficient to permit a rational trier of fact to find proof of guilt beyond a reasonable doubt. *Jackson*, 99 S. Ct. at 2791-2792.