[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12828
Non-Argument Calendar

_____

D. C. Docket No. 05-00699-CV-T-17-TGW

ROBERT PEARSON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 15, 2008)**

Before BIRCH, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Pearson, a Florida prisoner proceeding <u>pro se</u>, appeals the district

court's denial of his petition for habeas relief. Pearson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. Pearson's claims on direct appeal did not give the state court adequate notice of the federal claim or a fair opportunity to address the issue. Thus, Pearson failed to exhaust the issue. As the claim would now be procedurally barred, the district court properly denied the petition.

I.

Pearson filed a 28 U.S.C. § 2254 petition, which he amended on the court's order, alleging, inter alia, that his Sixth and Fourteenth Amendment rights were violated when the state court judge denied his motion for judgment of acquittal based on insufficient evidence.

According to the records, Pearson was charged with burglary of a dwelling, grand theft, attempted carjacking, and obstructing an officer. The testimony at trial established that, while being followed by witnesses to a burglary, Pearson approached George Cabanas's car and asked why Cabanas was following him. Cabanas denied following Pearson. Pearson then opened Cabanas's car door and told Cabanas to get out. Cabanas was concerned for his own safety and believed that Pearson was trying to take the car. Pearson moved for judgment of acquittal,

claiming that the evidence was insufficient to establish the use of any force or intimidation in the course of an attempted carjacking under Fla. Stat § 812.133.[1] The court denied the motion, and the jury convicted Pearson on all counts. Pearson was sentenced to 40 years' imprisonment as a habitual offender.

On direct appeal, Pearson challenged the sufficiency of the evidence on the carjacking conviction, alleging that there was no evidence that he intended to commit a crime, no evidence of use of force or violence, and no evidence of a reasonable fear on the part of the victim. He raised his claim in terms of state law, citing to state law cases about reasonable fear. The state court of appeals affirmed the convictions. Pearson v. State, 748 So.2d 274 (Fla. Dist. Ct. App. 1999). Pearson subsequently filed a state post-conviction motion under Fla. R. Crim. P. ("Rule") 3.850 raising issues not relevant to this appeal. The motion was denied, and the denial was affirmed on appeal. The instant § 2254 followed.

The state responded to the federal habeas petition, asserting that Pearson had not exhausted the sufficiency-of-the-evidence issue because he did not raise a federal constitutional violation on direct appeal and thus failed to give the state

---

[1] The elements of carjacking are: "(1) the defendant took a motor vehicle from the person or custody of the victim; (2) the defendant used force, violence, assault, or putting in fear was used in the course of the taking; and (3) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it or (b) to appropriate the motor vehicle of the victim to his own use or to the use of any person not entitled to it." Concepcion v. State, 938 So.2d 559, 560 n.3 (Fla. Dist. Ct. App. 2006); Fla. Stat. § 812.133.

court fair opportunity to address the constitutional claim.

The district court denied habeas relief, finding, <u>inter alia</u>, that Pearson had not exhausted his claim that the evidence was insufficient because Pearson only raised state law issues in his direct appeal. The district court noted that the claim would now be procedurally barred under state law because it could not be raised in a subsequent Rule 3.850 motion, as it was not preserved on direct appeal. The district court further found that there was no cause and prejudice or miscarriage of justice to excuse the procedural bar. After the district court denied a certificate of appealability ("COA"), this court granted a COA on the following issue:

> Whether the district court erred by denying as procedurally barred for failure to present the claim in terms of federal law appellant's claim that the trial court violated his due process rights by denying his motion for acquittal, given that insufficient evidence supported his convictions, in light of <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

II.

Under a liberal construction of Pearson's argument, Pearson alleges that the court should not have denied his petition because he was proceeding <u>pro se</u>, and that the court should have construed his direct appeal to raise federal claims. He then addresses the merits of his claim.[2] The state responds that the court properly

---

[2] Pearson argues the insufficiency of both the burglary and attempted carjacking counts against him. Notably, the § 2254 petition only appears to challenge the sufficiency of the evidence on the carjacking charge. Moreover, on direct appeal, Pearson challenged only the carjacking

4

denied the petition because Pearson failed to exhaust state remedies, as he raised

his sufficiency claim purely in state law terms.[3]

Exhaustion presents a mixed question of law and fact, subject to de novo

review. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir.1990). The district court's

finding that a claim is procedurally barred presents a mixed question of law and

fact that we review de novo. Ogle v. Johnson, 488 F.3d 1364, 1368 (11th Cir.

2007). The pleadings of a pro se litigant are liberally construed. Pugh v. Smith,

465 F.3d 1295, 1300 (11th Cir. 2006).

The AEDPA requires a state prisoner to exhaust all available state court

remedies, either on direct appeal or in a state post-conviction proceeding, 28

U.S.C. § 2254(b)-(c), thereby giving the state the opportunity to correct its alleged

violations of federal rights, Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347,

1349, 158 L.Ed.2d 64 (2004). The exhaustion doctrine requires the petitioner to

"fairly present" his federal claims to the state courts in a manner to alert them that

the ruling under review violated a federal constitutional right. Duncan v. Henry,

513 U.S. 364, 365-66, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting Picard

---

conviction. Thus, any claim regarding the sufficiency of the evidence for the burglary conviction was not raised below, has not been exhausted, and is not properly before this court. See McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005).

[3] Although the state recognizes this court's recent, unpublished decision in Mulnix v. Sec'y, Dept of Corr., 2007 WL 3498820 (11th Cir. 2007) (unpublished), it asserts that the state and federal standards are not identical in the instant case. The state further disputes that it is sufficient to raise a federal claim by discussing only state law even if the state and federal law are identical.

v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)).

Exhaustion is not satisfied "merely" if the petitioner presents the state court with "all the facts necessary to support the claim" or even if a "somewhat similar state-law claim was made." Kelley v. Sec'y for Dept. of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) (citation omitted). The petitioner must instead "present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Id. (quoting Picard, 404 U.S. at 277).

"'Thus, to exhaust state remedies fully the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007) (quoting Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998) (concluding that the issue was raised where the petitioner did not specifically state on direct appeal that these issues were to be reviewed under the Federal Constitution, but he provided enough information about the claims (including cites to Supreme Court cases) to notify the state courts that the challenges were being made on both state and federal grounds.). "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or

6

a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin, 541 U.S. at 32.

Here, Pearson cited exclusively to state cases, and all of his substantive arguments addressed Florida law. None of the cases he cited were decided on federal grounds and he did not otherwise indicate that he intended to raise federal claims. Baldwin, 541 U.S. at 32. Although Florida courts assess the sufficiency of the evidence under the standard applied in Jackson, 443 U.S. 307, the basis of Pearson's argument was that there was no evidence of reasonable fear on the part of the victim, as defined by state law. Nothing in this argument would have alerted the state court to the presence of a federal claim about due process. Thus, Pearson failed to exhaust his federal claim.

Moreover, Pearson would now be barred from raising his constitutional claim before the state court. Florida law procedurally bars new claims or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." Johnson v. Singletary, 647 So.2d 106, 109 (Fla. 1994). In order to overcome this procedural bar in federal court, petitioners must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001).

To the extent that Pearson's brief can be liberally construed to raise a claim of cause and prejudice or miscarriage of justice, those claims fail. Pearson's argument rests on the fact that he was proceeding pro se, which does not establish either of the exceptions to the bar. McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992).

III.

If the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would be procedurally barred in state court, "the exhaustion requirement and procedural default principles combine to mandate dismissal." Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999); see also Jimenez, 481 F.3d at 1342. Because Pearson did not raise his sufficiency argument in federal terms on direct appeal, and he already filed a Rule 3.850 motion, he would be barred under state law from filing additional motions raising the federal claim. Accordingly, the claim is unexhausted and procedurally barred, and we AFFIRM the denial of habeas relief.

8