[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11828
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00644-JES-CM


AHMAD RASHED ALLEN,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 3, 2019)

Before WILSON, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

Ahmad Rashed Allen, a Florida prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability (COA) on the following issues: (1) whether Allen's counsel was ineffective for failing to seek a judgment of acquittal on his second-degree murder charge; (2) whether Allen's counsel was ineffective for failing to object to his life sentence; and (3) whether the cumulative error of counsel's alleged ineffective assistance undermined the fairness of Allen's convictions and sentences. After careful review, we affirm.

## I.    Factual and Procedural Background

### A. State Court Proceedings

In December 2005, Allen was charged with one count of second-degree murder (Count 1) and two counts of aggravated battery with a firearm (Counts 2 and 3). The evidence presented at trial established the following. On November 5, 2005, Joe Bradley (Joe) and Manny Quintero agreed to meet at an apartment complex to discuss jewelry and money that Joe allegedly stole from Quintero. Joe's mother, Gloria Bradley (Gloria), and sister, Latoya Bradley (Latoya), as well as Latoya's 1-year-old son, accompanied Joe to the apartment complex. Allen accompanied Quintero.

2

Upon arrival, Joe and Quintero began arguing. The argument escalated into a physical altercation wherein Joe jumped on Quintero and started punching him. At this point, Gloria, holding her grandson, approached the men and attempted to separate them. Allen then emerged from a nearby car and discharged his weapon, killing Gloria after shooting her in the head. Upon hearing the gunshots, Joe stopped fighting and started running away. Allen continued firing, shooting Joe several times. Joe recovered after several months in the hospital.

At the close of the State's case, Allen moved for a judgment of acquittal on Count 3, which the state court granted. The jury then found Allen guilty of Counts 1 and 2. As to Count 1, the court sentenced Allen to life in prison without parole under Florida's prison release reoffender statute. *See* Fla. Stat. § 775.082. As to Count 2, the court sentenced Allen to a concurrent life sentence with a minimum mandatory sentence of twenty-five years based on the 10-20-Life statute. *See* Fla. Stat. § 775.087. The sentencing order indicated that Allen was sentenced as a habitual felony offender, *see* Fla. Stat § 775.084, and prison release reoffender on both counts.

3

On direct appeal, Allen raised four grounds for relief. In relevant part, he argued that there was insufficient evidence to support his conviction for second-degree murder. Specifically, he argued that the state failed to prove that he acted out of ill will, hatred, spite, or evil intent. In support of this argument, Allen noted that Quintero's girlfriend, a witness, had testified that it did not appear that Allen shot anyone on purpose. Florida's Second District Court of Appeals (DCA) rejected each argument and affirmed.

## B. State Post-Conviction Relief Proceedings

On August 5, 2009, Allen, proceeding pro se, filed his first post-conviction motion under Florida Rule of Criminal Procedure 3.800(a). Allen argued that the trial court erred in sentencing him as both a habitual felony offender and a prison release reoffender. The court agreed and entered a new sentence. The new sentence lacked the habitual felony offender designation but was otherwise the same as the original sentence.

On March 14, 2011, Allen, again proceeding pro se, filed a post-conviction relief motion under Rule 3.850. He raised five claims of ineffective assistance of counsel based on: (1) counsel's failure to object to the prosecutor's comments during closing argument regarding transferred intent; (2) counsel's failure to object to the court's justifiable use of a deadly force jury instruction; (3) counsel's failure to object to the excusable homicide jury instruction; (4) counsel's failure to object

4

to the manslaughter jury instruction; and (5) the cumulative effect of counsel's errors deprived him of a fair trial.

The state post-conviction court denied Allen's Rule 3.850 motion. Allen moved for a rehearing, which was also denied. Allen appealed the denial of his Rule 3.850 motion, which the Second DCA affirmed.

### C. Federal Habeas Proceedings

On December 3, 2012, Allen, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. His amended petition asserted ten grounds for relief, including, in relevant part, that counsel was ineffective for: (1) not moving for a judgment of acquittal on the charge of second-degree murder on the basis that the evidence was insufficient to support a finding that Allen acted with a depraved mind; (2) not asserting that Allen's life sentence under the 10-20-Life statute for aggravated battery was impermissible; and (3) not objecting to Allen's life sentence for aggravated battery when the trial court imposed a 25-year minimum mandatory sentence under the 10-20-Life statute. Allen also argued that the cumulative effect of counsel's ineffective assistance undermined the fairness and reliability of his convictions and sentence.

The district court denied relief on all grounds. Because he did not raise it in the state court proceedings, the district court determined that Allen's claim that his

counsel was ineffective for failing to move for a judgment of acquittal was unexhausted.  According to the court, the claim was also procedurally defaulted under Florida law.  The court held that the procedural default could not be excused under *Martinez v. Ryan*, 566 U.S. 1 (2012), because the claim was not "substantial."  Alternatively, the court concluded that the claim was meritless.

Regarding Allen's argument that counsel was ineffective for failing to object to his life sentence, the court concluded that such an argument raised a sentencing issue exclusively concerning Florida law for which federal habeas relief was not appropriate.  Accordingly, the court determined that the claim was not cognizable.

As to the cumulative error claim, the court held that because Allen had not shown error of constitutional dimensions on any of his individual ineffective assistance of counsel claims, he could not show that he was entitled to habeas relief based on the cumulative effect of the alleged errors.  We granted a COA as to those three issues.

## II.    Writ of Habeas Corpus Standard

Section 2254 provides a remedy for a state prisoner who claims that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  To warrant relief under § 2254, a petitioner must show that the state court rendered a decision on the merits that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by

6

the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *Id.* § 2254(d)(1), (2).  A state court's determination of a factual issue is presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Before filing a habeas petition in federal court, a petitioner must exhaust all available state court remedies.  28 U.S.C. § 2254(b), (c).  A failure to exhaust occurs "when a petitioner has not fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal quotation marks and brackets omitted).

If a petitioner fails to exhaust state remedies, the district court must dismiss the claims without prejudice to allow the petitioner to present the claims before a state court.  *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007). If it is obvious that the unexhausted claim would be procedurally barred in state court, however, the federal court should treat the unexhausted claim as procedurally defaulted.  *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003); *see also Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.").

7

If a state prisoner has "defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation." *Lambrix v. Sec'y, Fla. Dep't of Corr.*, 756 F.3d 1246, 1259–60 (11th Cir. 2014) (quotation omitted).  To demonstrate cause, the petitioner must show that some objective factor external to the defense impeded his ability to raise his claim properly in state court. *Henderson*, 353 F.3d at 892.  To show prejudice, the petitioner must demonstrate a reasonable probability that the result of the proceeding would have been different. *Id.*

In general, the lack of an attorney or an attorney error that led to the default of certain claims in state court cannot serve as cause to excuse a procedural default in federal habeas review.  *See Coleman v. Thompson*, 501 U.S. 722, 757 (1991).  In *Martinez v. Ryan*, however, the Supreme Court recognized that, in limited circumstances, an allegation of ineffective assistance of counsel in a post-conviction proceeding may constitute cause to excuse a procedural default.  566 U.S. 1, 13–14 (2012).  Specifically, where a prisoner fails to raise ineffective assistance of trial counsel claims in initial review, the claims may be excepted from procedural default where (1) state law required the prisoner to raise ineffective assistance of trial counsel claims at an initial review collateral

8

proceeding; (2) the prisoner did not have counsel or his counsel was ineffective during those proceedings; and (3) the prisoner's claims are "substantial." *Id.* at 14. The Supreme Court noted that, to be substantial, the prisoner's claim must have some merit. *Id.* We have further clarified this standard, holding that, to show that an underlying claim is substantial, the petitioner must show that reasonable jurists would debate its merits. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269–70 (11th Cir. 2014).

### III.    Standard of Review

We review a district court's denial of a § 2254 petition de novo. *Bester v. Warden*, 836 F.3d 1331, 1336 (11th Cir. 2016). We review mixed questions of fact and law de novo, and findings of fact for clear error. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (per curiam). Whether a petitioner exhausted state court remedies is a mixed question of law and fact, which we review de novo. *Green v. Nelson*, 595 F.3d 1245, 1254 (11th Cir. 2010). Similarly, we review a district court's determination that the petitioner is procedurally barred from raising a claim in federal court de novo. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004). In an appeal brought by an unsuccessful habeas petitioner, the scope of our review is limited to the issues specified in the COA. *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1302 (11th Cir. 2005).

### IV.    Counsel's Failure to Seek a Judgment of Acquittal

To succeed on an ineffective assistance of counsel claim, a federal habeas petitioner must satisfy the two-part test established in *Strickland v. Washington*. 466 U.S. 668, 687 (1984).  First, the petitioner must show that his attorney's performance was deficient.  *Id.*  Second, the petitioner must show that the deficient performance prejudiced his defense.  *Id.*  Notably, an attorney cannot be deemed ineffective for failing to raise claims that are "reasonably considered to be without merit."  *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quotation omitted).

Florida Rule of Criminal Procedure 3.850 provides, in relevant part, that a prisoner may file a motion to vacate his sentence on the grounds that the sentence imposed violates the Constitution or exceeds the maximum authorized by law.  Fla. R. Crim. P. 3.850(a)(1).  A Rule 3.850 motion must be filed within two years after the judgment and sentence become final, which, in Florida, is when direct review has concluded.  Fla. R. Crim. P. 3.850(b).  Notably, Florida defendants are generally required to raise ineffective assistance of counsel claims in these Rule 3.850 post-conviction proceedings.  *See Reynolds v. State*, 99 So. 3d 459, 474 (Fla. 2012) (noting how "claims of ineffective assistance of counsel generally are not cognizable on direct appeal and are properly raised in postconviction proceedings").

10

In Florida, the offense of second-degree murder is defined as "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life," although without any premeditation. Fla. Stat. § 782.04(2). Thus, the elements of second-degree murder are: (1) the victim is dead; (2) the defendant caused the death by a criminal act; and (3) the unlawful killing was caused by an act "imminently dangerous to another and evincing a depraved mind regardless of human life." *Duckett v. State*, 686 So. 2d 662, 663 (Fla. 2d DCA 1996). Florida courts describe such conduct evincing a depraved mind as characterized by

> an act or series of acts that (1) a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and (2) is done from ill will, hatred, spite, or an evil intent, and (3) is of such a nature that the act itself indicates an indifference to human life.

*State v. Montgomery*, 39 So. 3d 252, 255–56 (Fla. 2010) (quotation omitted). In Florida, firing a gun into a crowd of people constitutes second-degree murder where a person is killed as a result. *See Pressley v. State*, 395 So. 2d 1175, 1177 (Fla. 3d DCA 1981).

Allen now contends that his counsel's failure to move for a judgment of acquittal on his second-degree murder charge constituted ineffective assistance of counsel. It is undisputed that Allen did not raise this claim in state court; therefore, the claim is unexhausted. *Pope*, 680 F.3d at 1284. Typically, a federal district

11

court should dismiss unexhausted claims without prejudice. *Jimenez*, 481 F.3d at 1342. But "federal courts may treat unexhausted claims as procedurally defaulted . . . if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey*, 172 F.3d at 1305. Under Florida law, a prisoner must file all ineffective assistance of counsel claims within two years of the final judgment. Fla. R. Crim. P. 3.850(a)(1). Because Allen's judgment and sentence became final in June 2012, the district court correctly concluded that his claim is procedurally defaulted.

Allen argues that the default should be excused based on the *Martinez v. Ryan*, 566 U.S. at 13–14, exception. But Allen's claim does not satisfy the third *Martinez* requirement—that the claim is "substantial." To be considered "substantial," the claim must have "some merit." *Id.* Allen's claim that his counsel was ineffective for failing to move for a judgment of acquittal on his second-degree murder charge, however, is meritless. First, Allen cannot show that his counsel acted deficiently as required by *Strickland*. It is established in Florida that shooting a gun toward a group of people constitutes second-degree murder. *See Pressley*, 395 So. 2d at 1177. Any argument to the contrary would be meritless, and Allen's counsel cannot be deemed deficient for failing to raise a meritless argument. *Nyhuis*, 211 F.3d at 1344. Allen likewise fails to satisfy *Strickland*'s second prong; that is, he has not shown that the result of his trial

12

would have been different if counsel had moved for a judgment of acquittal. This conclusion is bolstered by the fact that, on direct appeal, Allen's appellate counsel argued that there was insufficient evidence to convict Allen of second-degree murder. The appellate court rejected this argument and affirmed his conviction.

Ultimately, Allen's claim did not have "some merit" and thus cannot be considered "substantial." Accordingly, his procedural default cannot be excused. Because the district court correctly dismissed the claim as procedurally defaulted, we affirm.

### V.    Counsel's Failure to Object to Allen's Life Sentence

The writ of habeas corpus was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). In general, questions of state law rarely raise issues of federal constitutional significance, and therefore, "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983) (per curiam). Regarding state sentencing guidelines specifically, we have held that "federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam). "This limitation on federal habeas review is of equal force when a petition, which

actually involves state law issues, is couched in terms of equal protection and due process." *Id.* (quotation marks omitted).

Florida Rule of Criminal Procedure 3.800 provides that "[a] court may at any time correct an illegal sentence imposed by it." Fla. R. Crim. P. 3.800(a)(1). The Florida Supreme Court has noted that Rule 3.800 motions can be filed long after the sentence is final, but that they "must address errors apparent on the face of the record." *Brooks v. State*, 969 So. 2d 238, 238 (Fla. 2007).

The district court improperly characterized Allen's ineffective assistance claim based on counsel's failure to object to his life sentence as an issue purely concerning Florida law. Based on this mischaracterization, the district court determined that the claim was not cognizable. In fact, this claim is couched in the Sixth Amendment's right to counsel and is therefore fully cognizable in federal court. Despite the district court's flawed reasoning, we may affirm on any ground supported by the record. *Moody v. Holman*, 887 F.3d 1281, 1292 (11th Cir. 2018). We affirm because Allen's claim that counsel was ineffective for failing to object to his life sentence is meritless. In Florida, "[a] court may at any time correct an illegal sentence imposed by it." Fla. R. Crim. P. 3.800(a)(1). Because Allen can object to his sentence at any time, he cannot show that he was prejudiced by his counsel's failure to object to the sentence. Accordingly, he cannot satisfy the second prong of the *Strickland* test.

14

## VI.    Cumulative Error

The cumulative error doctrine provides that the aggregation of non-reversible errors "can yield a denial of the constitutional right to a fair trial, which calls for reversal." *Morris v. Sec'y, Dep't of Corr.*, 677 F.3d 1117, 1132 (11th Cir. 2012) (quotation marks omitted).  We first address the validity of each of the petitioner's claim individually and then examine any errors in the aggregate and in light of the trial as a whole. *Id.*  Where there is no actual error, the cumulative-error claim has no merit. *Id.*

Allen's cumulative error claim has no merit because he has failed to show any actual errors committed by his trial counsel, as discussed in Parts IV and V. We therefore affirm.

**AFFIRMED.**

15