[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-10320

Non-Argument Calendar

————————————————

RAYMOND L. STRONG,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF
CORRECTIONS,

Respondent-Appellee.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:23-cv-00076-TKW-MAF

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and KIDD, Circuit Judges.

PER CURIAM:

Raymond Strong, a Florida prisoner, appeals the dismissal without prejudice of his *pro se* petition for a writ of habeas corpus. 28 U.S.C. § 2254. We granted a certificate of appealability to address whether the district court erred in ruling that Strong's petition was unexhausted, and if so, whether the court abused its discretion in dismissing the petition without prejudice before considering whether stay-and-abeyance procedures were appropriate. We affirm.

We review *de novo* the dismissal of a petition for a writ of habeas corpus based on exhaustion. *Johnson v. Florida*, 32 F.4th 1092, 1095 (11th Cir. 2022). We may affirm the decision on any ground supported by the record. *Spaziano v. Singletary*, 36 F.3d 1028, 1041 (11th Cir. 1994).

The district court did not err in ruling that all the claims alleged in Strong's petition were unexhausted. Before bringing a petition for a writ of habeas corpus, the petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b), (c). A petitioner need only "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the [s]tate's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A petitioner has not exhausted

claims if he brings them in state proceedings after filing his petition in federal court. *See Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1344 & n.8 (11th Cir. 2007). Strong filed a petition for belated appeal and a mandamus petition in state court after he filed his petition in the district court. The district court stated these proceedings could have provided him with state remedies to exhaust his claims, but it did not consider whether he had raised his claims in prior state court proceedings. Although Strong had previously filed a writ of prohibition regarding the denial of his pretrial immunity, we need not decide whether that proceeding sufficed to exhaust claims one and two, which alleged that the trial court committed constitutional errors in denying him immunity under the Florida stand-your-ground law. Even if we were to assume that proceeding could exhaust his claims, he presented those claims in terms of state law without reference to federal law. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (holding that to fully exhaust state remedies, the petitioner must "make the state court aware that the claims asserted present federal constitutional issues"). And Strong failed to raise claims three and four of his petition in any prior state proceeding. *See O'Sullivan*, 526 U.S. at 845. To the extent Strong argues that he presented four additional subclaims that the district court did not address, each of those claims relates to his immunity under Florida law. To the extent those claims were raised in state court, they were raised exclusively in terms of state law. *See Snowden*, 135 F.3d at 735.

Because the district court did not err in concluding Strong's petition was unexhausted, it did not abuse its discretion by

dismissing the petition without prejudice without considering whether to hold it in abeyance. *See Rhines v. Weber*, 544 U.S. 269, 275–77 (2005) (holding that district courts have discretion to stay and hold in abeyance mixed petitions raising both exhausted and unexhausted claims). In any event, Strong did not establish any of the limited circumstances warranting the imposition of a stay and opposed a stay below and on appeal. *See id.* at 278 (holding that a stay for a mixed petition should be available when the petitioner had good cause for failing to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in dilatory litigation tactics).

We **AFFIRM** the dismissal without prejudice of Strong's petition for a writ of habeas corpus and **DENY** his motions for leave to supplement the record and to prevent "governmental interference."